**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| United States of America | ) | C/A No. 2:06-557 DCN RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn Pinckney, Enterprise Bank of | ) | |
| South Carolina and Fairlane Credit | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that the plaintiff's motion for summary judgment be granted and the judgment sought be entered.

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S.

1208 (1984 ).[1]    **Objections to the magistrate judge's report and recommendation**

**were filed on March 19, 2007.**

A <u>de</u> <u>novo</u> review of the record indicates that the magistrate judge's report

accurately summarizes this case and the applicable law.   Accordingly, the magistrate

judge's report and recommendation is **affirmed,** and the plaintiff's motion for summary

judgment is granted and the judgment sought is entered.

**AND IT IS SO ORDERED.**

_____
David C. Norton
United States District Judge

Charleston, South Carolina
April 5, 2007

*NOTICE OF RIGHT TO APPEAL*
The parties are hereby notified that any  right to appeal this Order is governed by
Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[1]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro</u> <u>se</u> litigant
must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's
report before such a procedural default will result in waiver of the right to appeal.  The
notice must be 'sufficiently understandable to one in appellant's circumstances fairly to
appraise him of what is required.'" <u>Id.</u> at 846.  Plaintiff was advised in a clear manner that
his objections had to be filed within ten (10) days, and he received notice of the <u>conse-</u>
<u>quences</u> at the appellate level of his failure to object to the magistrate judge's report.